Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:     (916) 447-8336
E-Mail:        mark@markmerin.com
               paul@markmerin.com

Attorneys for Plaintiffs
WILLIAM COBURN, KRISTINA MARIE
MAYORGA, KHALIL FERGUSON,
and ALEX LYONS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| WILLIAM COBURN, KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS, on behalf of themselves and a class of similarly situated persons,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 400,<br><br>　　　　　Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## **INTRODUCTION**

This class action is brought by WILLIAM COBURN, KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS, on behalf of themselves and a class of similarly situated persons, for damages, declaratory relief, and injunctive relief enjoining and declaring unconstitutional the deprivations of the federal and state constitutional rights caused by the CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT, and their officials and personnel, who subjected the Plaintiff class to unlawful and unconstitutional detentions, arrests, and uses of force while they engaged in the lawful and peaceful exercise of their constitutionally protected rights.

1

**JURISDICTION & VENUE**

1.     This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution), and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

2.     Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because the acts and/or omissions described herein occurred in the Eastern District of California.

3.     Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Sacramento, California.

**EXHAUSTION**

4.     WILLIAM COBURN, on behalf of himself and a class of similarly situated persons, filed class government claims with the CITY OF SACRAMENTO, COUNTY OF SACRAMENTO, and State of California on March 15, 2019. Those class government claims were rejected by operation of law pursuant to Cal. Gov. Code § 912.4(c).

**PARTIES**

5.     Plaintiff WILLIAM COBURN is a resident of the County of Sacramento, California.

6.     Plaintiff KRISTINA MARIE MAYORGA is a resident of the County of Sacramento, California.

7.     Plaintiff KHALIL FERGUSON is a resident of the County of Sacramento, California.

8.     Plaintiff ALEX LYONS is a resident of the County of Sacramento, California.

9.     Defendant CITY OF SACRAMENTO is a "public entity" within the definition of Cal. Gov. Code § 811.2.

10.    Defendant SACRAMENTO POLICE DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2.

11.    Defendant COUNTY OF SACRAMENTO is a "public entity" within the definition of

2

Cal. Gov. Code § 811.2.

12.     Defendant SACRAMENTO COUNTY SHERIFF'S OFFICE is a "public entity" within the definition of Cal. Gov. Code § 811.2.

13.     Defendants DOE 1 to 400 are and/or were agents or employees of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and/or COUNTY OF SACRAMENTO, and/or the State of California or California Highway Patrol, and acted within the scope of that agency or employment and under color of state law. The true and correct names of Defendants DOE 1 to 400 are not now known to Plaintiff WILLIAM COBURN, who sues Defendants DOE 1 to 400 by their fictitious names. Plaintiff WILLIAM COBURN will substitute the true and correct names of Defendants DOE 1 to 400 when ascertained.

## **GENERAL ALLEGATIONS**

14.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

15.     On March 18, 2018, Stephon Clark, an unarmed and non-threating black man, was shot seven times to death by officers (with 20 bullets fired), including three times in the back, while in his grandmother's backyard. *See* <https://www.nytimes.com/2018/06/07/us/police-shooting-stephon-clark.html>.

16.     On March 2, 2019, Sacramento County District Attorney Anne Marie Schubert announced that the Sacramento County District Attorney's Office would not prosecute Terrence B. Mercadal and Jared E. Robinet, the two Sacramento Police Department police officers responsible for shooting and killing Stephon Clark. *See* <https://clark.sacda.org/>.

17.     The shooting and subsequent failure to prosecute ignited nationwide outcry and protest.

18.     On March 4, 2019, Defendants DOE 1 to 400, a large group of law enforcement officers from various local law enforcement agencies, including Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and/or COUNTY OF SACRAMENTO, and/or the State of California and California Highway Patrol, arrested or ordered the arrest of approximately 84 persons

3

("Plaintiffs" herein) after demonstrators marched through East Sacramento.

19.     The demonstration began around 6:30 p.m. at the Trader Joe's grocery store located on Folsom Boulevard and wound through the affluent "Fab 40s" neighborhood of East Sacramento. As the demonstration returned to Folsom Boulevard, law officer members of Defendant entities, including Does 1 – 350, pushed and guided the demonstration back toward Trader Joe's then cut-off dispersal routes while corralling the demonstrators onto the 51st street overpass to State Highway 50.

20.     Throughout the demonstration, participants were peaceably exercising their constitutional rights to speech, assembly, and petition.

21.     Plaintiffs WILLIAM COBURN, KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS, including the class of demonstration participants (*e.g.*, activists, religious clergy members, and students) and non-participants (*e.g.*, legal observers, bystanders, journalists, and reporters) which they seek to represent, were loosely situated in and around the demonstration at various times during the march.

22.     Sometime prior to 9:00 p.m., Defendants SACRAMENTO POLICE DEPARTMENT requested "mutual aid" from Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT and the California Highway Patrol concerning the demonstration.

23.     On information and belief, Defendants DOE 1 to 400, law enforcement officers from each of the three law enforcement agencies, coordinated and worked together in anticipation of a mass arrest.

24.     At about 9:00 p.m., Defendants DOE 1 to 350, several of whom were armed in full riot-gear, pushed and "kettled"[1] Plaintiffs towards the 51st Street overpass of Highway 50.

25.     The 51st Street overpass was the only egress allowed by Defendants DOE 1 to 350 to Plaintiffs, who were seeking to disperse.

26.     Defendants DOE 1 to 350 surrounded Plaintiffs and completely prevented them from

---

[1] "Kettling" or "corralling" is a law enforcement tactic sometimes used for controlling large crowds during protests. It involves the formation of large cordons of officers who then move to contain a crowd within a limited area. Kettling includes leading protesters to structures, such as alley or bridges, where egress can be easily controlled and the crowd contained. Protesters are left only one choice of exit controlled by the police, or are completely prevented from leaving, with the effect of denying the protesters access to food, water, and toilet facilities for a time period determined by law enforcement.

4

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Coburn v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

leaving or dispersing.

27.     Defendants DOE 1 to 350 then arrested Plaintiffs on the false pretense that they were engaged in an "unlawful assembly" and had failed to disperse, despite the fact that Defendants DOE 1 to 350 had actively prevented Plaintiffs from dispersing or leaving the area.

28.     Defendants DOE 1 to 350 applied plastic zip-tie handcuffs to Plaintiffs' arms, behind their backs, and forced them to sit on the street/sidewalk.

29.     On information and belief, several of Plaintiffs suffered injuries from the modes and methods of physical restraint used by Defendants DOE 1 to 350, including but not limited to, pain and/or injury to wrists, arms, shoulders, and legs.

30.     On information and belief, several of Plaintiffs were denied access to restroom facilities by Defendants DOE 1 to 350 for prolonged periods of time, even after numerous requests for such access were made.

31.     About an hour after the mass arrests, one of the arrestees, Dale Kasler, a journalist for <u>The Sacramento Bee</u>, was released, without further processing.

32.     Defendants DOE 1 to 350 loaded Plaintiffs in transport vehicles and transported them to the California Exposition and State Fair on Exposition Boulevard.

33.     Defendants DOE 1 to 350 processed Plaintiffs and either cited and released or booked them into jail.

34.     On information and belief, Defendant SACRAMENTO POLICE DEPARTMENT was identified as the arresting agency for each of Plaintiffs on all paperwork associated with the arrests.

35.     The March 4, 2019, demonstration was the first to occur in a wealthier, predominantly-white area of Sacramento. Unlike prior demonstrations involving the death of Stephon Clark occurring in other locations within Sacramento, the March 4, 2019, demonstration was the first to involve a mass arrest response by law enforcement.

36.     Following the mass arrests, and despite the disparity between the law enforcement responses related to various recent demonstrations in Sacramento, Defendant SACRAMENTO POLICE DEPARTMENT's spokesperson, Sergeant Vance M. Chandler, reported to media outlets that the response did not reflect any change in how Defendant SACRAMENTO POLICE DEPARTMENT

5

handles public protests.

## MUNICIPAL AND SUPERVISORY ALLEGATIONS

37.     Defendants DOE 351 to 400 are/were policymaking officials and/or had been delegated policymaking authority for Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT concerning the March 4, 2019, law enforcement response to the Stephon Clark demonstration.

38.     Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 351 to 400 are directly responsible for Plaintiffs injuries, as a result of policy or custom, the lack of proper training, and/or ratification of the occurrences described.

39.     Policy or Custom: On information and belief, Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 351 to 400 ordered, authorized, or expressly adopted a policy or custom that permitted Defendants DOE 1 to 350 to detain/arrest Plaintiffs, in violation of Plaintiffs' constitutional rights. On information and belief, Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 351 to 400's were aware that their policies and customs posed a substantial risk of serious harm to Plaintiffs, and the policies and customs ultimately were the moving force behind Plaintiffs' injuries. On information and belief, Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 351 to 400's policies and customs included:

(a)     a policy or custom of detention/arrest, without probable cause;

(b)     a policy or custom of unreasonable search, without probable cause;

(c)     a policy or custom of unreasonable use of force;

(d)     a policy or custom of retaliatory detention/arrest;

(e)     a policy or custom of discriminatory detention/arrest, without a rational basis;

(f)     a policy or custom of "kettling" or "corralling," as a crowd control tactic; and/or

(g)     a policy or custom of pretextual detention/arrest, based on "unlawful assembly."

40.     Failure to Train: On information and belief, Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 351 to 400 failed to implement procedural safeguards to prevent constitutional violations, including Plaintiffs' detention/arrest, which amounted to

6

deliberate indifference to Plaintiffs' constitutional rights, which could have been prevented with an appropriate policy, and was a known or obvious consequence of their action or inaction. On information and belief, Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 351 to 400's failure to train included:

> (a)     deficiencies concerning detention/arrest for an "unlawful assembly," where any reasonable person would recognize the need because officers will often encounter demonstrations involving large crowds; and/or

> (b)     deficiencies concerning appropriate crowd control tactics, where any reasonable person would recognize the need because officers will often encounter demonstrations involving large crowds.

41.     <u>Ratification</u>: On information and belief, Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 351 to 400 consciously and affirmatively endorsed or approved the unconstitutional conduct of Defendants DOE 1 to 350 after it was carried out, including: (a) Defendants DOE 1 to 350's detention/arrest of Plaintiffs, without probable cause; (b) Defendants DOE 1 to 350's unreasonable search of Plaintiffs, without probable cause; (c) Defendants DOE 1 to 350's unreasonable use of force against Plaintiffs, without a sufficient governmental interest; (d) Defendants DOE 1 to 350's retaliatory detention/arrest of Plaintiffs; (e) Defendants DOE 1 to 350's discriminatory detention/arrest of Plaintiffs, without a rational basis; (f) Defendants DOE 1 to 350's "kettling" or "corralling" of Plaintiffs; and/or (g) Defendants DOE 1 to 350's pretextual detention/arrest of Plaintiffs, based on "unlawful assembly."

42.     On information and belief, additional evidence and information related to Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 351 to 400's policies or customs will be sought and obtained during the course of this litigation. On information and belief, although access to the existence or absence of internal policies, customs, or practices prior to discovery is necessarily limited, Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 351 to 400 have access to and/or knowledge of past and subsequent events and to statements of internal policies or customs at issue and, in some respects, may be in sole possession of evidence and facts needed to support or refute these claims.

7

## CLASS ALLEGATIONS

43.     Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400 deprived Plaintiffs WILLIAM COBURN, KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS, on behalf of themselves and a class of similarly situated persons, of their civil rights including, but is not limited to: (1) being subject to detention/arrest, without probable cause; (2) being subject to unreasonable search, without probable cause; (3) being subject to use of force, without a sufficient governmental interest; (4) being subject to retaliatory detention/arrest; and/or (5) being subject to discriminatory detention/arrest, without a rational basis. These injuries resulted from policy or custom, a lack of proper training, and/or were ratified by policymaking officials.

44.     Plaintiffs WILLIAM COBURN, KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS seek to represent the alleged class of approximately 84 persons who were detained/arrested by Defendants DOE 1 to 350 on or about March 4, 2019.

45.     Pursuant to Fed. R. Civ. P. 23(a)(1), on information and belief, the members of the class are so numerous that joinder of all members is impractical, as there are at least 84 class members.

46.     Pursuant to Fed. R. Civ. P. 23(a)(2), on information and belief, there are many facts common to the class including, but not limited to, whether Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400 deprived Plaintiffs of theirs rights and/or had policies or customs permitting or deliberately indifferent to Plaintiffs' rights, including:

(a)     Retaliation against demonstrators protesting lack of police accountability;

(b)     Declaring a peaceful demonstration an "unlawful assembly;"

(c)     "Kettling" or "corralling" demonstrators, without allowing egress;

(d)     Indiscriminately seizing and searching demonstrators "kettled," without probable cause;

(e)     Indiscriminately seizing and searching demonstration non-participants, such as journalist, legal observers, and bystanders;

(f)     Application of zip-tie handcuffs on arrestees' hands and arms more tightly than necessary; and/or

(g)     Denying demonstrators access to restroom facilities for an unreasonable amount of time.

47.     Pursuant to Fed. R. Civ. P. 23(a)(2), on information and belief, there are many questions

8

of law common to the class including, but are not limited to, whether Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400 deprived Plaintiffs of theirs rights and/or had policies or customs permitting or deliberately indifferent to Plaintiffs' rights, including:

(a)   Violations of the Fourth Amendment of the U.S. Constitution, which prohibits detention/arrest, without probable cause;

(b)   Violations of the Fourth Amendment of the U.S. Constitution, which prohibits unreasonable searches, without probable cause;

(h)   Violations of the Fourth Amendment of the U.S. Constitution, which prohibits unreasonable uses of force;

(i)   Violations of the First Amendment of the U.S. Constitution, which prohibits retaliatory detention/arrest;

(j)   Violations of the Fourteenth Amendment of the U.S. Constitution, which prohibits discriminatory detention/arrest, without a rational basis;

(k)   Violations of art. I, § 13 of the California Constitution, which prohibits detention/arrest, without probable cause;

(l)   Violations of art. I, § 13 of the California Constitution, which prohibits unreasonable searches, without probable cause;

(m)   Violations of art. I, § 13 of the California Constitution, which prohibits unreasonable uses of force;

(n)   Violations of art. I, §§ 2, 3 of the California Constitution, which prohibits retaliatory detention/arrest;

(o)   Violations of art. I, § 7(a) of the California Constitution, which prohibits discriminatory detention/arrest, without a rational basis;

(p)   Violations of the Bane Act, Cal. Civ. Code § 52.1(b), for each of the reasons described in subdivisions (a) through (r), above;

48.   Pursuant to Fed. R. Civ. 23(a)(3), on information and belief, representative Plaintiffs WILLIAM COBURN, KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS'

9

claims are typical of the class they seek to represent, and share the same interests and suffered the same types of injuries as the putative class members where the alleged claims are based upon the same legal theories.

49.     Pursuant to Fed. R. Civ. P. 23(a)(4), representative Plaintiffs WILLIAM COBURN, KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS are prepared fairly and adequately to protect the interests of the class, and their interests are consistent with and not antagonistic to the interests of the class.

50.     On information and belief, identities of the members of the class may be ascertained from records maintained by Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT, as the detaining/arresting agency, where such records reflect the identity of each person detained/arrested on March 4, 2019, including contact information and last-known addresses.

51.     Pursuant to Fed. R. Civ. P. 23(b)(1)(A), on information and belief, prosecutions of separate actions by individual members of the class would create a risk that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the parties opposing the class.

52.     Pursuant to Fed. R. Civ. P. 23(b)(1)(B), on information and belief, prosecutions of separate actions by individual members of the class would create a risk of inconsistent adjudications with respect to individual members of the putative class which would, as a practical matter, substantially impair or impede the interests of the other members of the putative class to protect their interests.

53.     Pursuant to Fed. R. Civ. P. 23(b)(2), on information and belief, Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400 have acted on grounds generally applicable to the class, thereby making appropriate the final injunctive or declaratory relief with respect to the class as a whole.

54.     Pursuant to Fed. R. Civ. P. 23(b)(3), on information and belief, the questions of law and fact, as alleged above, are common to class members and predominate over any questions affecting only individual members.

55.     Pursuant to Fed. R. Civ. P. 23(b)(3), on information and belief, a class action is superior to other available methods for the fair and equitable adjudication of the controversy between the parties.

10

56.     Pursuant to Fed. R. Civ. P. 23(b)(3)(A), on information and belief, the interests of members of the class in individually controlling the prosecution of a separate action is low, where most class members would be unable individually to prosecute any action at all, for example, where the amounts at stake for members of the class may be so small that separate suits would be impracticable, or where most members of the class may not be able to find counsel to represent them.

57.     Pursuant to Fed. R. Civ. P. 23(b)(3)(B), on information and belief, there exists no other litigation concerning the controversy that has already begun by or against class members.

58.     Pursuant to Fed. R. Civ. P. 23(b)(3)(C), on information and belief, it is desirable to concentrate all litigation in one forum because it will promote judicial efficiency to resolve the common questions of law and fact in one forum, rather than in multiple forums.

59.     Pursuant to Fed. R. Civ. P. 23(b)(3)(D), on information and belief, there are not likely to be significant difficulties in managing a class action in this case.

60.     Pursuant to Fed. R. Civ. P. 23(c)(2), upon certification under Fed. R. Civ. P. 23(b)(3), Plaintiffs contemplate that individual notice will be given to members of the class at their last-known address by first-class U.S. mail, informing members of the class to the following: (1) the pendency of the class action and the issues common to the class; (2) the nature of the action; (3) a class member's right to "opt-out" of the action within a given time, in which event the class member will not be bound by a decision rendered in the class action; (4) a class member's right, if the class member does not "opt-out," to be represented by the class member's own counsel and to enter an appearance in the case, otherwise the class member will be represented by representative Plaintiffs and their counsel; and (5) the class member's right, if the class member does not "opt-out," to share in any recovery in favor of the class, and conversely to be bound by any judgment on the common issues adverse to the class.

## EQUITABLE ALLEGATIONS

61.     There is an actual controversy between Plaintiffs and Defendants concerning the threat of detention/arrest by the execution of Defendants' policies or customs concerning mass arrests in responsive to demonstrations. Plaintiffs seek a judicial determination of their rights and duties and a declaration as to Defendants' constitutional obligations.

62.     On information and belief, as a direct consequence of Defendants' past conduct (*e.g.*, the

11

March 4, 2019, mass arrest event giving rise to this action) and implicitly threatened future conduct (*e.g.*, Defendant SACRAMENTO POLICE DEPARTMENT's media announcement, through spokesperson, Sgt. Chandler, that the mass arrest did not reflect any change in how Defendant SACRAMENTO POLICE DEPARTMENT handles public demonstrations), Plaintiffs have suffered and will continue to suffer violations of their constitutional rights, resulting in irreparable harm.

63.     On information and belief, Plaintiffs' constitutional rights have been and will continue to be chilled by Defendants' past conduct and implicitly threatened future conduct.

## FIRST CLAIM

### False Detention/Arrest

### (Fourth and Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)

64.     This Claim is asserted by Plaintiffs WILLIAM COBURN, KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS, on behalf of themselves and a class of similarly situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400.

65.     Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 63, to the extent relevant, as if fully set forth in this Claim.

66.     Defendants DOE 1 to 350, acting or purporting to act under color of state law and in the performance of their official duties as law enforcement officers, falsely detained/arrested Plaintiffs, without a warrant and without probable cause, or failed to intercede and/or were integral participants to the false detention/arrest of Plaintiffs, in violation of their rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

67.     Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 351 to 400, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiffs rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

68.     Defendants DOE 1 to 400's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs rights protected by the Fourth Amendment of the

12

U.S. Constitution, or were wantonly or oppressively done.

69.     As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400's actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400, and punitive damages against Defendants DOE 1 to 400.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

## SECOND CLAIM

### Unreasonable Search

### (Fourth and Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)

70.     This Claim is asserted by Plaintiffs WILLIAM COBURN, KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS, on behalf of themselves and a class of similarly situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400.

71.     Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 63, to the extent relevant, as if fully set forth in this Claim.

72.     Defendants DOE 1 to 350, acting or purporting to act under color of state law and in the performance of their official duties as law enforcement officers, unreasonably searched Plaintiffs, without a warrant and without probable cause, or failed to intercede and/or were integral participants to the unreasonable searches of Plaintiffs, in violation of their rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

73.     Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 351 to 400, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiffs rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

74.     Defendants DOE 1 to 400's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs rights protected by the Fourth Amendment of the

U.S. Constitution, or were wantonly or oppressively done.

75.     As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400's actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400, and punitive damages against Defendants DOE 1 to 400.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

## THIRD CLAIM

### Unreasonable Force

### (Fourth and Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)

76.     This Claim is asserted by Plaintiffs WILLIAM COBURN, KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS, on behalf of themselves and a class of similarly situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400.

77.     Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 63, to the extent relevant, as if fully set forth in this Claim.

78.     Defendants DOE 1 to 350, acting or purporting to act under color of state law and in the performance of their official duties as law enforcement officers, used unreasonable force against Plaintiffs, or failed to intercede and/or were integral participants to the use of unreasonable force against Plaintiffs, in violation of their rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

79.     Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 351 to 400, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiffs rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

80.     Defendants DOE 1 to 400's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs rights protected by the Fourth Amendment of the

14

U.S. Constitution, or were wantonly or oppressively done.

81.     As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400's actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400, and punitive damages against Defendants DOE 1 to 400.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

<u>**FOURTH CLAIM**</u>

**Retaliation**

**(First and Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)**

82.     This Claim is asserted by Plaintiffs WILLIAM COBURN, KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS, on behalf of themselves and a class of similarly situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400.

83.     Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 63, to the extent relevant, as if fully set forth in this Claim.

84.     Defendants DOE 1 to 350, acting or purporting to act under color of state law and in the performance of their official duties as law enforcement officers, retaliated against Plaintiffs for engaging in constitutionally protected activity with intent to inhibit Plaintiffs protected activity, or failed to intercede and/or were integral participants to the retaliation, in violation of their rights protected by the First Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

85.     Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 351 to 400, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiffs rights protected by the First Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

86.     Defendants DOE 1 to 400's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs rights protected by the First Amendment of the U.S.

15

Constitution, or were wantonly or oppressively done.

87.     As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400's actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400, and punitive damages against Defendants DOE 1 to 400.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

## FIFTH CLAIM

### Equal Protection

### (Fourteenth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)

88.     This Claim is asserted by Plaintiffs WILLIAM COBURN, KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS, on behalf of themselves and a class of similarly situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400.

89.     Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 63, to the extent relevant, as if fully set forth in this Claim.

90.     Defendants DOE 1 to 350, acting or purporting to act under color of state law and in the performance of their official duties as law enforcement officers, discriminated against Plaintiffs in detaining/arresting them based on an animus towards demonstrators, without a rational relationship to any legitimate state interest, or failed to intercede and/or were integral participants to the discriminatory arrests/detentions, in violation of their rights protected by the Fourteenth Amendment of the U.S. Constitution.

91.     Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 351 to 400, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiffs rights protected by the Fourteenth Amendment of the U.S. Constitution.

92.     Defendants DOE 1 to 400's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs rights protected by the Fourteenth Amendment of

16

the U.S. Constitution, or were wantonly or oppressively done.

93.     As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400's actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400, and punitive damages against Defendants DOE 1 to 400.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

## SIXTH CLAIM

### False Detention/Arrest

### (Article I, § 13 of the California Constitution)

94.     This Claim is asserted by Plaintiffs WILLIAM COBURN, KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS, on behalf of themselves and a class of similarly situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 400.

95.     Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 63, to the extent relevant, as if fully set forth in this Claim.

96.     Defendants DOE 1 to 350, acting or purporting to act in the scope of their employment as law enforcement officers, falsely detained/arrested Plaintiffs, without a warrant and without probable cause, or aided and abetted the false detention/arrest of Plaintiffs, in violation of their rights protected by art. I, § 13 of the California Constitution.

97.     Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 351 to 400, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiffs rights protected by art. I, § 13 of the California Constitution.

98.     Pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly/vicariously liable for injuries proximately caused

17

1   by acts or omissions of their employees acting within the scope of their employment, including

2   Defendants DOE 1 to 400.

3        99.    Defendants DOE 1 to 400's actions and inactions constituted oppression, fraud, and/or

4   malice resulting in great harm to Plaintiffs.

5        100.    As a direct and proximate result of Defendants CITY OF SACRAMENTO,

6   SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400's actions and inactions, Plaintiffs

7   suffered injuries entitling them to receive compensatory damages against Defendants CITY OF

8   SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO,

9   SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 400; equitable (declaratory and

10  injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE

11  DEPARTMENT, and DOE 1 to 400; and punitive damages against Defendants DOE 1 to 400.

12       WHEREFORE, Plaintiffs pray for relief as hereunder appears.

13  ### SEVENTH CLAIM

14  **Unreasonable Search**

15  **(Article I, § 13 of the California Constitution)**

16       101.    This Claim is asserted by Plaintiffs WILLIAM COBURN, KRISTINA MARIE

17  MAYORGA, KHALIL FERGUSON, and ALEX LYONS, on behalf of themselves and a class of

18  similarly situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE

19  DEPARTMENT, COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

20  DEPARTMENT, and DOE 1 to 400.

21       102.    Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 63, to

22  the extent relevant, as if fully set forth in this Claim.

23       103.    Defendants DOE 1 to 350, acting or purporting to act in the scope of their employment as

24  law enforcement officers, unreasonably searched Plaintiffs, without a warrant and without probable

25  cause, aided and abetted the unreasonable searches of Plaintiffs, in violation of their rights protected by

26  art. I, § 13 of the California Constitution.

27       104.    Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and

28  DOE 351 to 400, acting or purporting to act under color of state law and as policymaking authorities,

1   maintained policies or customs of action and inaction resulting in the violation of Plaintiffs rights

2   protected by art. I, § 13 of the California Constitution.

3       105.    Pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), Defendants CITY OF SACRAMENTO,

4   SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, and SACRAMENTO

5   COUNTY SHERIFF'S DEPARTMENT are indirectly/vicariously liable for injuries proximately caused

6   by acts or omissions of their employees acting within the scope of their employment, including

7   Defendants DOE 1 to 400.

8       106.    Defendants DOE 1 to 400's actions and inactions constituted oppression, fraud, and/or

9   malice resulting in great harm to Plaintiffs.

10      107.    As a direct and proximate result of Defendants CITY OF SACRAMENTO,

11  SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400's actions and inactions, Plaintiffs

12  suffered injuries entitling them to receive compensatory damages against Defendants CITY OF

13  SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO,

14  SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 400; equitable (declaratory and

15  injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE

16  DEPARTMENT, and DOE 1 to 400; and punitive damages against Defendants DOE 1 to 400.

17      WHEREFORE, Plaintiffs pray for relief as hereunder appears.

18                          **EIGHTH CLAIM**

19                          **Unreasonable Force**

20          **(Article I, § 13 of the California Constitution)**

21      108.    This Claim is asserted by Plaintiffs WILLIAM COBURN, KRISTINA MARIE

22  MAYORGA, KHALIL FERGUSON, and ALEX LYONS, on behalf of themselves and a class of

23  similarly situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE

24  DEPARTMENT, COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

25  DEPARTMENT, and DOE 1 to 400.

26      109.    Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 63, to

27  the extent relevant, as if fully set forth in this Claim.

28      110.    Defendants DOE 1 to 350, acting or purporting to act in the scope of their employment as

                                    19

law enforcement officers, used unreasonable force against Plaintiffs, or aided and abetted the use of unreasonable force against Plaintiffs, in violation of their rights protected by art. I, § 13 of the California Constitution.

111.     Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 351 to 400, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiffs rights protected by art. I, § 13 of the California Constitution.

112.     Pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly/vicariously liable for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants DOE 1 to 400.

113.     Defendants DOE 1 to 400's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs.

114.     As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400's actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 400; equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400; and punitive damages against Defendants DOE 1 to 400.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

## NINTH CLAIM

### Retaliation

### (Article I, §§ 2, 3 of the California Constitution)

115.     This Claim is asserted by Plaintiffs WILLIAM COBURN, KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS, on behalf of themselves and a class of similarly situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE

20

DEPARTMENT, and DOE 1 to 400.

116.    Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 63, to the extent relevant, as if fully set forth in this Claim.

117.    Defendants DOE 1 to 350, acting or purporting to act in the scope of their employment as law enforcement officers, retaliated against Plaintiffs for engaging in constitutionally protected activity with intent to inhibit Plaintiffs protected activity, or aided and abetted the retaliation, in violation of their rights protected by art. I, §§ 2, 3 of the California Constitution.

118.    Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 351 to 400, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiffs rights protected by art. I, §§ 2, 3 of the California Constitution.

119.    Pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are indirectly/vicariously liable for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants DOE 1 to 400.

120.    As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400's actions and inactions, Plaintiffs suffered injuries entitling them to equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

## TENTH CLAIM

### Equal Protection

### (Article I, § 7(a) of the California Constitution)

121.    This Claim is asserted by Plaintiffs WILLIAM COBURN, KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS, on behalf of themselves and a class of similarly situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400.

122.    Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 63, to

21

the extent relevant, as if fully set forth in this Claim.

123. Defendants DOE 1 to 350, acting or purporting to act in the scope of their employment as law enforcement officers, discriminated against Plaintiffs in detaining/arresting them based on an animus towards demonstrators, without a rational relationship to any legitimate state interest, or aided and abetted the discriminatory arrests/detentions, in violation of their rights protected by art. I, § 7(a) of the California Constitution.

124. Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 351 to 400, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiffs rights protected by art. I, § 7(a) of the California Constitution.

125. Pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are indirectly/vicariously liable for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants DOE 1 to 400.

126. As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400's actions and inactions, Plaintiffs suffered injuries entitling them to equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

## ELEVENTH CLAIM

### Bane Act

### (Cal. Civ. Code § 52.1(b))

False Detention/Arrest

127. This Claim (for "False Detention/Arrest") is asserted by Plaintiffs WILLIAM COBURN, KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS, on behalf of themselves and a class of similarly situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 400.

22

128.   Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 63, to the extent relevant, as if fully set forth in this Claim.

129.   Defendants DOE 1 to 350, acting or purporting to act in the scope of their employment as law enforcement officers, falsely detained/arrested Plaintiffs, without a warrant and without probable cause, or aided and abetted the false detention/arrest of Plaintiffs, with specific intent to deprive them of their rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and art. I, § 13 of the California Constitution.

130.   Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 351 to 400, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction, with specific intent to deprive Plaintiffs' rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and art. I, § 13 of the California Constitution.

131.   Pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly/vicariously liable for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants DOE 1 to 400.

132.   Defendants DOE 1 to 400's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs.

133.   As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400's actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages and statutory penalties against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 400; equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400; and punitive damages against Defendants DOE 1 to 400.

\ \ \

Unreasonable Search

134. This Claim (for "Unreasonable Search") is asserted by Plaintiffs WILLIAM COBURN, KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS, on behalf of themselves and a class of similarly situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 400.

135. Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 63, to the extent relevant, as if fully set forth in this Claim.

136. Defendants DOE 1 to 350, acting or purporting to act in the scope of their employment as law enforcement officers, unreasonably searched Plaintiffs, without a warrant and without probable cause, aided and abetted the unreasonable searches of Plaintiffs, with specific intent to deprive them of their rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and art. I, § 13 of the California Constitution.

137. Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 351 to 400, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction, with specific intent to deprive Plaintiffs' rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and art. I, § 13 of the California Constitution.

138. Pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly/vicariously liable for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants DOE 1 to 400.

139. Defendants DOE 1 to 400's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs.

140. As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400's actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages and statutory penalties against

24

1  Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF

2  SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 400;

3  equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO,

4  SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400; and punitive damages against

5  Defendants DOE 1 to 400.

6  Unreasonable Force

7  141.    This Claim (for "Unreasonable Force") is asserted by Plaintiffs WILLIAM COBURN,

8  KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS, on behalf of themselves

9  and a class of similarly situated persons, against Defendants CITY OF SACRAMENTO,

10  SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, SACRAMENTO

11  COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 400.

12  142.    Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 63, to

13  the extent relevant, as if fully set forth in this Claim.

14  143.    Defendants DOE 1 to 350, acting or purporting to act in the scope of their employment as

15  law enforcement officers, used unreasonable force against Plaintiffs, or aided and abetted the use of

16  unreasonable force against Plaintiffs, with specific intent to deprive them of their rights protected by the

17  Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and

18  art. I, § 13 of the California Constitution.

19  144.    Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and

20  DOE 351 to 400, acting or purporting to act under color of state law and as policymaking authorities,

21  maintained policies or customs of action and inaction, with specific intent to deprive Plaintiffs' rights

22  protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S.

23  Constitution and art. I, § 13 of the California Constitution.

24  145.    Pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), Defendants CITY OF SACRAMENTO,

25  SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, and SACRAMENTO

26  COUNTY SHERIFF'S DEPARTMENT are indirectly/vicariously liable for injuries proximately caused

27  by acts or omissions of their employees acting within the scope of their employment, including

28  Defendants DOE 1 to 400.

25

146.     Defendants DOE 1 to 400's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs.

As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400's actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages and statutory penalties against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 400; equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400; and punitive damages against Defendants DOE 1 to 400.

Retaliation

147.     This Claim (for "Retaliation") is asserted by Plaintiffs WILLIAM COBURN, KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS, on behalf of themselves and a class of similarly situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 400.

148.     Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 63, to the extent relevant, as if fully set forth in this Claim.

149.     Defendants DOE 1 to 350, acting or purporting to act in the scope of their employment as law enforcement officers, retaliated against Plaintiffs for engaging in constitutionally protected activity with intent to inhibit Plaintiffs protected activity, or aided and abetted the retaliation, with specific intent to deprive them of their rights protected by the First Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and art. I, §§ 2, 3 of the California Constitution.

150.     Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 351 to 400, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction, with specific intent to deprive Plaintiffs' rights protected by the First Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and art. I, §§ 2, 3 of the California Constitution.

151.     Pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), Defendants CITY OF SACRAMENTO,

26

SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly/vicariously liable for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants DOE 1 to 400.

152.     Defendants DOE 1 to 400's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs.

153.     As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400's actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages and statutory penalties against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 400; equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400; and punitive damages against Defendants DOE 1 to 400.

Equal Protection

154.     This Claim (for "Equal Protection") is asserted by Plaintiffs WILLIAM COBURN, KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS, on behalf of themselves and a class of similarly situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 400.

155.     Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 63, to the extent relevant, as if fully set forth in this Claim.

156.     Defendants DOE 1 to 350, acting or purporting to act in the scope of their employment as law enforcement officers, discriminated against Plaintiffs in detaining/arresting them based on an animus towards demonstrators, without a rational relationship to any legitimate state interest, or aided and abetted the discriminatory arrests/detentions, with specific intent to deprive them of their rights protected by the Fourteenth Amendment of the U.S. Constitution and art. I, § 7(a) of the California Constitution.

157.     Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and

27

DOE 351 to 400, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction, with specific intent to deprive Plaintiffs' rights protected by the Fourteenth Amendment of the U.S. Constitution and art. I, § 7(a) of the California Constitution.

158.   Pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly/vicariously liable for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants DOE 1 to 400.

159.   Defendants DOE 1 to 400's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs.

160.   As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400's actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages and statutory penalties against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 400; equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400; and punitive damages against Defendants DOE 1 to 400.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

## TWELFTH CLAIM

### False Imprisonment

161.   This Claim is asserted by Plaintiffs WILLIAM COBURN, KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS, on behalf of themselves and a class of similarly situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 400.

162.   Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 63, to

28

the extent relevant, as if fully set forth in this Claim.

163.    Defendants DOE 1 to 350, acting or purporting to act in the scope of their employment as law enforcement officers, falsely detained/arrested Plaintiffs, without a warrant and without probable cause, or aided and abetted the false detention/arrest of Plaintiffs.

164.    Pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly/vicariously liable for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants DOE 1 to 400.

165.    Defendants DOE 1 to 400's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs.

166.    As a direct and proximate result of Defendants DOE 1 to 400's actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 400; equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400; and punitive damages against Defendants DOE 1 to 400.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

## THIRTEENTH CLAIM

### Assault/Battery

167.    This Claim is asserted by Plaintiffs WILLIAM COBURN, KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS, on behalf of themselves and a class of similarly situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 400.

168.    Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 63, to the extent relevant, as if fully set forth in this Claim.

169.    Defendants DOE 1 to 350, acting or purporting to act in the scope of their employment as

29

law enforcement officers, used unreasonable force against Plaintiffs, or aided and abetted the use of unreasonable force against Plaintiffs.

170.    Pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly/vicariously liable for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants DOE 1 to 400.

171.    Defendants DOE 1 to 400's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs.

172.    As a direct and proximate result of Defendants DOE 1 to 400's actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 400; equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400; and punitive damages against Defendants DOE 1 to 400.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

## FOURTEENTH CLAIM

### Intentional Infliction of Emotional Distress

173.    This Claim is asserted by Plaintiffs WILLIAM COBURN, KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS, on behalf of themselves and a class of similarly situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 400.

174.    Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 63, to the extent relevant, as if fully set forth in this Claim.

175.    Defendants DOE 1 to 400, acting or purporting to act in the scope of their employment as law enforcement officers, engaged in outrageous conduct which caused Plaintiffs to suffer severe emotional distress by subjecting Plaintiffs to various unlawful actions including, but not limited to: (a)

30

1   detention/arrest, without probable cause; (b) unreasonable search, without probable cause; (c)

2   unreasonable use of force; (d) retaliatory detention/arrest; (e) discriminatory detention/arrest, without a

3   rational basis; and/or (f) policies or customs causing or authorizing subdivisions (a) through (f).

4        176.    Pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), Defendants CITY OF SACRAMENTO,

5   SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, and SACRAMENTO

6   COUNTY SHERIFF'S DEPARTMENT are indirectly/vicariously liable for injuries proximately caused

7   by acts or omissions of their employees acting within the scope of their employment, including

8   Defendants DOE 1 to 400.

9        177.    Defendants DOE 1 to 400's actions and inactions constituted oppression, fraud, and/or

10   malice resulting in great harm to Plaintiffs.

11        178.    As a direct and proximate result of Defendants DOE 1 to 400's actions and inactions,

12   Plaintiffs suffered injuries entitling them to receive compensatory damages against Defendants CITY OF

13   SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO,

14   SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 400; equitable (declaratory and

15   injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE

16   DEPARTMENT, and DOE 1 to 400; and punitive damages against Defendants DOE 1 to 400.

17        WHEREFORE, Plaintiffs pray for relief as hereunder appears.

18   **FIFTEENTH CLAIM**

19   **Negligence**

20        179.    This Claim is asserted by Plaintiffs WILLIAM COBURN, KRISTINA MARIE

21   MAYORGA, KHALIL FERGUSON, and ALEX LYONS, on behalf of themselves and a class of

22   similarly situated persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE

23   DEPARTMENT, COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

24   DEPARTMENT, and DOE 1 to 400.

25        180.    Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 63, to

26   the extent relevant, as if fully set forth in this Claim.

27        181.    Defendants DOE 1 to 400, acting or purporting to act in the scope of their employment as

28   law enforcement officers, owed Plaintiffs a duty of care and breaching that duty by subjecting Plaintiffs

31

to various unlawful actions including, but not limited to: (a) detention/arrest, without probable cause; (b) unreasonable search, without probable cause; (c) unreasonable use of force; (d) retaliatory detention/arrest; (e) discriminatory detention/arrest, without a rational basis; and/or (f) policies or customs causing or authorizing subdivisions (a) through (f).

182.    Pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly/vicariously liable for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendants DOE 1 to 400.

183.    Defendants DOE 1 to 400's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiffs.

184.    As a direct and proximate result of Defendants DOE 1 to 400's actions and inactions, Plaintiffs suffered injuries entitling them to receive compensatory damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 400; equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400; and punitive damages against Defendants DOE 1 to 400.

WHEREFORE, Plaintiffs pray for relief as hereunder appears.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs WILLIAM COBURN, KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS, on behalf of themselves and a class of similarly situated persons, seek Judgment as follows:

1.    For issuance of a judgment declaring that Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 100 to 400's actions, inactions, and/or policies or customs complained of herein violate the First, Fourth, and Fourteenth Amendments of the U.S. Constitution and article I, §§ 2, 3, 7(a), and 13 of the California Constitution;

2.    For entry of a preliminary and permanent injunction enjoining Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 100 to 400's prospective

actions, inactions, and/or policies or customs complained of herein in violation of the First, Fourth, and Fourteenth Amendments of the U.S. Constitution and article I, §§ 2, 3, 7(a), and 13 of the California Constitution;

3.    For an award of compensatory, general, and special damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 400, according to proof at trial;

4.    For an award of exemplary or punitive damages against Defendants DOE 1 to 400, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to federally protected rights, or were wantonly or oppressively done, or constituted oppression, fraud, or malice resulting in great harm;

5.    For an award of statutory penalties, pursuant to Cal. Civ. Code § 52.1 and any other statute as may be applicable;

6.    For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

7.    For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: May 16, 2019                                             Respectfully Submitted,

By: _____

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:      (916) 443-6911
Facsimile:      (916) 447-8336

Attorneys for Plaintiffs
WILLIAM COBURN, KRISTINA MARIE
MAYORGA, KHALIL FERGUSON,
and ALEX LYONS

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED by Plaintiffs WILLIAM COBURN, KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS, on behalf of themselves and a class of similarly situated persons.

Dated: May 16, 2019

Respectfully Submitted,

By: _____

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:      (916) 443-6911
Facsimile:      (916) 447-8336

Attorneys for Plaintiffs
WILLIAM COBURN, KRISTINA MARIE
MAYORGA, KHALIL FERGUSON,
and ALEX LYONS