UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| WILLIAM COBURN, KRISTINA MARIE MAYORGA, KHALIL FERGUSON, and ALEX LYONS, on behalf of themselves and a class of similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 400,<br><br>Defendants. | Case No. 2:19-cv-00888-AC<br><br>[~~PROPOSED~~] **ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; FINAL JUDGMENT AND DISMISSAL, WITH PREJUDICE** |

This matter having come before the Court by motion of Plaintiffs William Coburn, Kristina Marie Mayorga, Khalil Ferguson and Alex Lyons ("Plaintiffs") for preliminary approval of the class action settlement between Plaintiffs and Defendants City of Sacramento, Sacramento Police Department, County of Sacramento, Sacramento County Sheriff's Department, and Doe 1 to 400 ("Defendants"), set forth in the Settlement Agreement and Mutual Release ("Settlement Agreement" or "Settlement"); the Court having previously entered the Preliminary Approval Order: (1) preliminarily approving the Settlement; (2) provisionally certifying the Settlement Class; (3) approving the proposed form and dissemination of Class Notice and Claim Form; and (4) setting a hearing for Final Approval of the Settlement (the "Preliminary Approval Order"); the Parties having now demonstrated compliance with the Preliminary Approval Order, and now requesting that the Settlement should be finally approved as

1

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**
*Coburn v. City of Sacramento*, United States District Court, Eastern District of California, Case No. 2:19-cv-00888-AC

fair, reasonable, and adequate; and good cause appearing therefore, the Court now makes the findings of fact and conclusions of law set forth in this Final Approval Order, Order of Dismissal, and Judgment ("Final Approval Order"), which constitutes a final adjudication of the above-captioned action on the merits, and

HEREBY ORDERS, ADJUDGES AND DECREES THAT:

1. All of the definitions contained in the Settlement Agreement shall apply to this Final Approval Order and are incorporated by this reference as if fully set forth herein.

2. This Court has jurisdiction over the subject matter of this litigation and over all members of the Class and over those persons and entities undertaking affirmative obligations under the Settlement Agreement pursuant to paragraph 53 of the Settlement Agreement.

3. This Court hereby approves the Settlement set forth in this Final Approval Order and finds that the Settlement is, in all respects, fair, reasonable, adequate and in compliance with all applicable requirements Rule 23 of the Federal Rules of Civil Procedure, the California and United States Constitutions (including the Due Process Clause), and all other applicable laws, and in the best interests of the parties and the Settlement Class. Any objections have been considered and are hereby overruled, except as expressly set forth to the contrary herein. Accordingly, the Court directs the parties and their counsel to implement and consummate the Settlement in accordance with the terms and conditions of all portions of the Settlement Agreement.

4. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Settlement Class, as defined in the Settlement Agreement and the Preliminary Approval Order, consists of all individuals detained/arrested on March 4, 2019, on the 51st Street overpass and transported to Cal Expo for processing and release. The Settlement Class, as previously provisionally certified, satisfies all the requirements contained in Rule 23(b)(3) of the Federal Rules of Civil Procedure, the California and United States Constitutions, and any other applicable law as more fully set forth in the Court's Preliminary Approval Order, which is incorporated into this Final Approval Order by this reference.

5. In total, zero (0) Class Members objected to the Settlement and one (1) Class Member requested exclusion from the Settlement. Except for the individual claims of those who duly requested exclusion from the Class (identified in "Exhibit A" to this Final Approval Order), this Court hereby

2

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**
*Coburn v. City of Sacramento*, United States District Court, Eastern District of California, Case No. 2:19-cv-00888-AC

dismisses with prejudice—and with the same force and effect as if dismissed under Rule 41(b) of the Federal Rules of Civil Procedure—each and every Released Claim (as defined in paragraph 37 of the Settlement Agreement) against Defendants (as defined in paragraphs 10 and 11 of the Settlement Agreement).

6. Plaintiff and all Settlement Class Members, and their respective representatives, assigns, heirs, executors, administrators, and custodians, are hereby forever barred and enjoined from commencing, prosecuting or continuing, either directly or indirectly, against Defendants, including their present or former elective and/or appointive boards, agents, servants, employees, consultants, departments, commissioners, attorneys, officials and officers, and all other individuals and entities, whether named or unnamed in the Action, any and all individual, representative or class claims or any such lawsuit, action, arbitration, or other legal proceeding that he had or has related in any way to the Released Claims as defined in the Settlement Agreement.

7. Plaintiff and all Settlement Class Members, and their respective representatives, assigns, heirs, executors, administrators, and custodians, are hereby forever barred and enjoined from commencing, prosecuting or continuing, either directly or indirectly, against Defendants, including their present or former elective and/or appointive boards, agents, servants, employees, consultants, departments, commissioners, attorneys, officials and officers, and all other individuals and entities, whether named or unnamed in the Action, any and all individual, representative or class claims or any such lawsuit, action, arbitration, or other legal proceeding that he or she had or has related in any way to the detention/arrest on March 4, 2019, on the 51st Street overpass and transport to Cal Expo for processing and release.

8. The Class Notice given to the Class was the best notice practicable under the circumstances. Said Class Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Rule 23 of the Federal Rules of Civil Procedure, as well as the California and United States constitutions, including the requirement of due process.

9. The Claim Form provided to the Class to be used by those who claimed reimbursement

3

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**
*Coburn v. City of Sacramento*, United States District Court, Eastern District of California, Case No. 2:19-cv-00888-AC

for medical expense was fair and reasonable and fully complied with the requirements of United States constitutions, including the requirement of due process.

10. Members of the Settlement Class who have submitted a Claim for reimbursement of medical expenses incurred for treatment initiated within one week from the March 4, 2019, incident shall be entitled to share in the medical compensation fund of $50,000.00 established by the Settlement Agreement provided they meet the requirements for verification of their medical expenses required by the Settlement and Notice.

11. Within twenty (20) days of the Effective Date, Defendant City of Sacramento shall deliver its check in the amount of Four Hundred Ninety-Six Thousand, Eight Hundred Dollars ($496,800.00), and Defendant County of Sacramento shall deliver its check in the amount of Fifty Thousand Dollars ($50,000.00), made payable to Law Office of Mark E. Merin, Client Trust Account, to Law Office of Mark E. Merin, 1010 F Street, Suite 300, Sacramento, CA 95814.

12. Within thirty (30) days of the Effective Date, the Class Counsel shall mail Settlement Award checks to each Class Member and incentive payment checks to the Representative Plaintiffs Additional checks to be delivered to those whose claims for reimbursement of medical expenses are approved shall be mailed within ten days of the final determination of the Claims for reimbursement of medical expenses, including exhaustion of the dispute process. If the total amount of the approved claims for reimbursement of medical expenses exceeds Fifty Thousand Dollars ($50,000.00) each payment for reimbursement of medical expenses shall be reduced proportionately so that the total amount of the medical expense reimbursements does not exceed Fifty Thousand Dollars ($50,000.00). Should the total amount of the approved reimbursements for medical expenses be less than Fifty Thousand Dollars ($50,000.00), the remainder of the amount will be returned to the City of Sacramento.

13. Class Counsel are hereby awarded the sum of $82,800.00 in legal fees and costs, which sums the Court finds to be fair and reasonable in that the legal fees awarded are not taken from the common fund available for distribution to the Class Members, but rather represents an additional 20% of the amount to be distributed to the Settlement Class. The 20% figure is well below both the amount this court customarily approves as payment of attorneys fees from a common fund created in settlement of class actions, and is also half of what the Representative Plaintiffs and Class Counsel agreed would be

4

ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
*Coburn v. City of Sacramento*, United States District Court, Eastern District of California, Case No. 2:19-cv-00888-AC

paid as attorney fees in the Retainer Agreements they signed with Class Counsel. The fee and expense amounts may be withdrawn by Class Counsel from their Client Trust Account after receipt of the settlement check from the City of Sacramento.

14. Without affecting the finality of the Judgment in any way, this Court hereby retains Continuing Jurisdiction over: (a) implementation of this Settlement, pursuant to Rule 23 of the Federal Rules of Civil Procedure; (b) this action until the Judgment contemplated herein has become effective and each and every act agreed to be performed by the Parties has been performed; and (c) the Parties and all parties to the Settlement Agreement for the purpose of enforcing and administering the Settlement Agreement. Furthermore, neither Plaintiffs nor Defendants shall be barred from pursuing claims for breach of the Settlement Agreement before this Court.

15. In the event that the Settlement Agreement does not become effective in accordance with the terms of the Settlement Agreement, then this Final Approval Order shall be rendered null and void and be vacated and the Settlement Agreement and all orders entered in connection therewith shall be rendered null and void, the Class shall be decertified, and Plaintiffs' complaint shall be reinstated as it existed prior to the making of the Settlement Agreement. In that case, all communications, documents, filings, negotiations and other actions taken by the Parties to negotiate and pursue a settlement through the Settlement Agreement shall be considered confidential settlement communications which cannot be used in evidence by any Party against another Party.

16. Nothing in this Final Approval Order or the Settlement Agreement shall be construed as an admission or concession by any Party. Defendants have denied all of the Plaintiffs' allegations and continue to deny such allegations. Plaintiffs continue to believe their allegations have merit. The Settlement Agreement and this resulting Final Approval Order represent a compromise of disputed allegations.

17. Except as expressly provided herein, all Parties are to bear their own costs.

IT IS SO ORDERED.

DATED: June 16, 2021.

1.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

## **EXHIBIT A**

The following class member has opted-out of this class action, will not be bound by the terms of the class action settlement agreement, and will not receive any payments under the class action settlement agreement:

1. Brandy Michelle Wood

6

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**
*Coburn v. City of Sacramento*, United States District Court, Eastern District of California, Case No. 2:19-cv-00888-AC